FILED

2022 Aug-11 AM 08:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHWESTERN DIVISION**



| | | |
|---|---|---|
| **CRAIG ALLEN,** | § § § | |
| **Plaintiff,** | § § | **CIVIL ACTION NO.:** |
| **v.** | § § § | _____ |
| **WAYNE FARMS, LLC,** | § § § | **JURY DEMAND** |
| **Defendant.** | § § § § | |

**COMPLAINT**

### I.    INTRODUCTION

1.    Plaintiff Craig Allen ("Plaintiff") instituted this action for monetary relief, declaratory judgment, injunctive relief, and equitable relief to secure the protection of and to redress the deprivation of rights protected under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and 42 U.S.C. § 1981, as amended, providing relief for discrimination in employment based on race only.

### II.    JURISDICTION

2.    The jurisdiction of this Court is invoked under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981, as amended, and 28 U.S.C. §§ 1331, 1343.

### III.    PARTIES

3.    Plaintiff, Craig Allen, is an African-American citizen of the United States who has fulfilled all conditions precedent to the institution of this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* The Plaintiff filed a timely charge of

1

discrimination with the EEOC. The EEOC issued a right-to-sue letter on his charge of race and color-based discrimination, and he sued within 90 days of its receipt.

4.      Defendant, Wayne Farms, LLC, is subject to suit under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and 42 U.S.C. § 1981. Defendant does business in this jurisdiction.

## IV.     STATEMENT OF FACTS

5.      Defendant employed Plaintiff an Area Manager.

6.      Plaintiff always performed his job well.

7.      On or around June 3, 2021, the Defendant called Plaintiff into the Human Resources office.

8.      The Defendant's HR Supervisor and Manager then told Plaintiff an individual alleged he was romantically involved with a coworker.

9.      Plaintiff immediately told the HR Supervisor and Manager this allegation was a false one.

10.     Nonetheless, the Defendant suspended Plaintiff pending an investigation.

11.     The Defendant then terminated Plaintiff's employment on or around June 8, 2021.

12.     The Defendant treated several non-black employees differently when similar accusations were made about them, including but not limited to Corey Falen, Ryan Tokarz, and a Human Resources Supervisor.

13.     Corey Falen actually engaged in a romantic relationship with an employee.

14.     The Defendant did not terminate or discipline him as it did Plaintiff.

15.     Instead, they moved the employee in question to a different line, a benefit not offered to Plaintiff.

2

16.    Ryan Tokarz also engaged in a romantic relationship with an employee.

17.    In response, the Defendant simply moved Ryan Tokarz and/or the other employee's position in the plant, a benefit not offered to Plaintiff.

18.    A Human Resources Supervisor had a romantic relationship with a manager at the Defendant's plant.

19.    The Defendant took no action against this individual.

20.    All of the employees listed above, as well as their partners and/or alleged partners, are non-black.

21.    This is not the only instance of race discrimination Plaintiff experienced while employed with the Defendant.

22.    A Caucasian employee was preparing to birth a child with an African American individual.

23.    The Defendant's Maintenance Superintendent sent texts to employees targeting said relationship in a racially discriminatory manner, i.e., inquiring as to what race the baby would be considered, what texture the baby's hair would be, etc.

24.    Plaintiff was also passed over for promotions during his employment.

25.    Plaintiff was the most qualified candidate for a Plant Manager position.

26.    Rather than informing Plaintiff of the position or asking Plaintiff to apply, the Defendant hired a lesser qualified Caucasian individual.

27.    The Defendant's former Plant Manager even recommended Plaintiff for the job.

28.    Nonetheless, the Defendant chose the lesser qualified Caucasian for the position.

29.    As a result, Plaintiff received less in total compensation.

30.    Defendant instructed Plaintiff to train and supervise non-black employees who

made more than Plaintiff.

## V.    CAUSES OF ACTION

### A.    COUNT I: TITLE VII OF THE CIVIL RIGHTS ACT OF 1964-RACE-BASED INTENTIONAL DISCRIMINATION (DISPARATE TREATMENT)

31.    In support of this count, Plaintiff incorporates by reference the factual assertions of Paragraphs ¶¶ 3-30 above.

32.    Defendant treated Plaintiff less favorably as compared to non-black employees when similar accusations pertaining to personal and/or romantic relationships arose.

33.    Further, Plaintiff was treated less favorably as compared to non-black employees in regards to promotional opportunities such as the vacant Plant Manager position.

34.    Plaintiff was not apprised of, directed to, or hired by Defendant for new positions as non-black employees were.

35.    As a result, Plaintiff suffered loss of income, loss of future income, loss of benefits, opportunities for advancement, and emotional distress, among other detriments.

### B.    COUNT II:  §1981 - RACE-BASED INTENTIONAL DISCRIMINATION (DISPARATE TREATMENT)

36.    Plaintiff brings this race-based discrimination claim under 42 U.S.C. § 1981.

37.    In support of his §1981 claims, Plaintiff incorporates by reference the factual assertions within ¶¶ 4-30 above.

38.    Based on the forgoing, because of his race Plaintiff was subjected to intentional race-based discrimination.

39.    Defendant treated Plaintiff less favorably as compared to non-black employees when similar accusations pertaining to personal and/or romantic relationships arose.

40.    Further, Plaintiff was treated less favorably as compared to non-black employees

in regards to promotional opportunities such as the vacant Plant Manager position.

41.     Plaintiff was not apprised of, directed to, or hired by Defendant for new positions as non-black employees were.

42.     As a result, Plaintiff suffered loss of income, loss of future income, loss of benefits, opportunities for advancement, and emotional distress, among other detriments.

## VI.     <u>PRAYER FOR RELIEF</u>

43.     Plaintiff respectfully prays this Court assume jurisdiction and provide him injunctive relief, declaratory relief, equitable relief, back-pay (plus interest), the value of lost benefits, compensatory damages, punitive damages, attorneys' fees, costs, expenses, and all other relief allowed or deemed just and proper by the Court.

Dated:  August 10, 2022

                                        Respectfully submitted,


                                        /s/ Eric C. Sheffer
                                        **ERIC C. SHEFFER**
                                        Counsel for Plaintiff


**OF COUNSEL:**
**WIGGINS, CHILDS, PANTAZIS,**
**FISHER & GOLDFARB, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
Telephone: (205) 314-0500
Facsimile:  (205) 254-1500
Email: esheffer@wigginschilds.com

### PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

                                        /s/ Eric C. Sheffer
                                          **OF COUNSEL**

5